**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

CRIMINAL ACTION NO. 13-22-DLB-1
CIVIL ACTION NO. 17-127-DLB

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | PLAINTIFF |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** | |
| BRENT D. EVANS | | DEFENDANT |

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court upon the June 6, 2018 Report and Recommendation ("R&R") of United States Magistrate Judge Robert E. Wier (Doc. # 384), wherein he recommends that Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 355) be denied on all but one claim, and that an evidentiary hearing be held on the remaining claim. The United States and Defendant Brent Evans both having filed timely Objections (Docs. # 387 and 390) and the United States having timely responded to Defendant's Objections (Doc. # 391), the R&R is now ripe for the Court's review.[1] For the reasons set forth herein, the United States' Objections are **overruled**, Evans's Objections are **overruled**, and the R&R is **adopted** in full as the findings of fact and conclusions of law of the Court. This case will be **referred**

---

[1] Also before the Court is Defendant's Objections to Judge Wier's Order rescinding the referral of this Motion. (Doc. # 392). Defendant Evans misunderstands the nature of Judge Wier's June 13, 2018 Order. (Doc. # 388). The Order merely removes Judge Wier as the assigned magistrate judge from this matter. The Order does not rescind Judge Wier's R&R, which the Court will consider in this Order.

1

to Magistrate Judge Edward Atkins for further proceedings consistent with Judge Wier's R&R and this Order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 25, 2013, Brent D. Evans was indicted on drug-distribution charges. (Doc. # 1). A superseding indictment was returned on May 8, 2014. (Doc. # 77). That indictment specifically charged Evans with one count of conspiracy to distribute oxycodone, four counts of aiding and abetting the distribution of oxycodone, one count of aiding and abetting the knowing and intentional possession of oxycodone with the intent to distribute, and one count of witness tampering. *Id.* at 1-4. Specifically, Evans was charged with managing an organization that illegally obtained and sold thousands of pills of oxycodone between 2011 and 2013. (Doc. # 384 at 2). The pills were obtained by his co-defendants from pain clinics in Maryland and Texas and were sold in the Eastern District of Kentucky. *Id.* In 2014, after the return of the first indictment, Evans was also charged with threatening to harm one of his co-defendants and her family "if she cooperated with law enforcement." *Id.*

Defendant Evans was convicted by a jury of all six drug-trafficking counts. However, he was acquitted of the witness-tampering count. (Doc. # 201). On February 26, 2015, Evans was sentenced to 360 months of imprisonment followed by 10 years of supervised release. (Doc. # 291). Evans appealed to the Sixth Circuit, which affirmed. (Doc. # 351 at 1). The Supreme Court denied Evans's petition for a *writ of certiorari*. *Evans v. United States*, 137 S. Ct. 522 (2016).

On November 27, 2017, Evans timely filed the pending Motion to Vacate. (Doc. # 355). The Court permitted Evans to file a supplemental Memorandum in Support of his

Motion. (Doc. # 371). In his Motion, Evans makes (1) five claims of ineffective assistance of counsel (at least one against each of his three successive attorneys), (2) objects to the application of four enhancements at sentencing, (3) claims his sentence exceeds the statutory maximum and violates the Eighth Amendment, and (4) argues that this Court abused its discretion before and during trial on four occasions. See (Doc. # 384 at 4, 5, 26, 31, 32) (summarizing Evans's claims). Evans also requested an evidentiary hearing. (Doc. # 371 at 20). The Motion to Vacate was fully briefed (Docs. # 374 and 381).

On June 1, 2018, Judge Wier filed his R&R in which he recommends that Evans's Motion to Vacate be denied as to all but one claim; on the remaining claim—ineffective assistance of counsel with regard to plea consultation—Judge Wier recommends that this Court hold an evidentiary hearing in order to adjudicate the matter. (Doc. # 384 at 37). Both the United States and Evans filed Objections to the R&R, and the United States filed a response to Evans's Objections. (Docs. # 387, 390 and 391). The R&R is now ripe for the Court's review.

## II. ANALYSIS

### A. Standard of Review

A court may grant relief under 28 U.S.C. § 2255 if the defendant establishes that: (i) the sentencing court imposed his sentence in violation of the Constitution or laws of the United States; (ii) the court lacked jurisdiction to impose the sentence; (iii) the sentence imposed exceeded the maximum authorized by law; or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may refer dispositive matters, including a motion to vacate a sentence under 28 U.S.C. § 2255, to a magistrate judge for the preparation of a

report and recommendation. *See also* Fed. R. Crim. P. 59(b)(1). "[T]he magistrate judge must promptly conduct the required proceedings" and "enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." 28 U.S.C. § 636(b)(1)(B).

Parties have fourteen days "after being served with a copy of the recommended disposition" to specifically object in writing to the findings and recommendations in a magistrate judge's R&R. Fed. R. Crim. P. 59(b)(2). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). However, "[t]he filing of vague, general, objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

"Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.'" *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). "Where an objection is simply a repetition of what the Magistrate Judge has already considered, it fails 'to put the Court on notice of any potential errors in the Magistrate's R&R.'" *United States v. Bowers*, No. 0:06-cv-7-DLB-REW, 2017 WL 6606860, at *1 (E.D. Ky. Dec. 26, 2017) (quoting *United States v. Shephard*, No. 5:09-cr-81-DLB, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016)).

4

Once filed, the referring district court judge must review the specific objections *de novo* and "accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

**B.     Plaintiff's Objections**

The United States objects to the recommendation that this Court hold an evidentiary hearing on the issue of whether Evans was denied effective assistance of counsel because he was not properly informed by counsel of potential plea deals. (Doc. # 390 at 1). The United States specifically argues that Defendant's assertions—that his attorneys did not discuss his plea offers—are conclusory and refuted by the evidence in the record. *Id.* at 3. The United States also argues that there is no evidence "defendant would have entered a guilty plea if he had received effective assistance of counsel"; rather, there is only evidence that he might have. *Id.* As a result, the United States argues Evans has not met the "burden of justifying relief on his claims." *Id.* As the United States has objected specifically to Judge Wier's recommendation, the Court must consider *de novo* the issue of whether an evidentiary hearing should be held. Fed. R. Crim. P. 59(b)(3).

An evidentiary hearing is required in a habeas case if the petitioner raises a factual dispute "unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015) (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *see also* 28 U.S.C. § 2255(b). While a petitioner's burden to establish a claim for an evidentiary hearing is relatively light, "a district court may . . . forego a hearing where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or

5

conclusions rather than statements of fact." *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (internal quotations omitted) (quoting *Arrendondo*, 178 F.3d at 782). Thus, the Court must determine if the record conclusively shows that Evans is not entitled to relief on this ineffective assistance of counsel claim; if such a conclusive showing is made, an evidentiary hearing is unnecessary.

A finding of ineffective assistance of counsel requires a showing that the counsel's performance was deficient and that the counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the plea context, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* A defendant may also show that "but for counsel's errors, the petitioner would not have gone to trial but would have insisted on accepting the offered plea bargain." *Bolden v. Chapleau*, 142 F.3d 432, 1998 WL 136537, at *2 (6th Cir. 1998) (unpublished table decision).

At issue here is whether Evans's attorneys adequately consulted him about potential plea deals and properly advised him as to the benefits and consequences of pleading guilty or going to trial. There appears to be limited evidence in the record regarding plea discussions that Andy Markelonis, Evans's first attorney, had with Evans. (Doc # 385) (CJA Voucher indicating that Markelonis reviewed a plea agreement with Evans on January 31, 2014). There is no evidence of any plea discussions William Butler, Evans's third attorney, may have had with him. There is, however, more

substantial evidence relating to conversations between Evans and Michael Fox, Evans's second attorney. (Docs. # 374-1 and 389-5)

The affidavit from Fox indicates that he thoroughly and extensively reviewed both proposed plea agreements with the Defendant as well as explained the sentencing guidelines and possibilities if Evans either pled guilty or was found guilty at trial.[2] (Doc. # 374-1 at 3-4). Evidence of the correspondence from Mr. Fox to Evans further suggests that Mr. Fox attempted to have additional conversations about trial with Evans, which perhaps would have raised a discussion about the possibility of a plea, but Evans did not appear to respond. (Doc. # 389-5).

Evans, on the other hand, paints a completely different picture. In his own affidavit, Evans is adamant that Fox never had a discussion with him about the proposed plea agreements or consequences of not pleading guilty. (381-1 at 2). In response to Mr. Fox's affidavit, Evans goes so far as to suggest that Mr. Fox, in his affidavit, "has my case confused with someone else[']s." *Id.* Evans also alleges that Mr. Markelonis did not properly inform him of the benefits or consequences of pleading guilty, and that none of his attorneys informed him of his potential sentence if he went to trial. *Id.* Evans indicates that he would have pled guilty had he understood the significant sentence he was facing at trial, and, therefore, argues he was prejudiced by his attorneys' alleged ineffective assistance. (Docs. # 381 at 8-9 and 381-1 at 2).

The Sixth Circuit has recognized that an attorney "has a clear obligation to fully inform [his] client of the available options." *Smith v. United* States, 348 F.3d 545, 552

---

[2] The Court notes, however, that Fox's CJA Voucher does not appear to specifically indicate a discussion of proposed plea agreements or potential sentences with his client. (Doc. # 386) (noting meetings and phone calls with his client generally, but not noting the subject of those discussions).

7

(6th Cir. 2003). In the plea context, this includes explaining "sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Id.* at 553. Failure to do so violates the defendant's right to effective assistance of counsel. *Id.* The conflicting affidavits of Evans and Fox go to the issue of whether Mr. Fox completely informed Evans about the plea possibilities and the sentencing consequences of pleading guilty rather than going to trial. The determination of which affiant is credible is necessary for the Court to conclude whether Mr. Fox did or did not provide effective assistance to his client. Additionally, the presentation of further evidence as to any discussions between Evans and Mr. Markalonis or Mr. Butler regarding the consequences and benefits of pleading is necessary to determine whether Evans's right to effective assistance of counsel was violated by his other attorneys. The Court finds that the record as it stands now does not "conclusively show[] that the petitioner is entitled to no relief." *Pola*, 778 F.3d at 532 (6th Cir. 2015) (quoting *Arrendondo*, 178 F.3d at 782). Thus, the Court will refer this matter to Magistrate Judge Edward Atkins to conduct an evidentiary hearing on the issue of whether Evans's attorneys provided effective assistance of counsel with regard to the plea process. Accordingly, the United States' objection is **overruled**.

C. **Defendant's Objections**

Defendant lodged three objections to Judge Wier's R&R. First, Defendant objected to the Court's conclusion regarding the application of a sentencing enhancement for witness tampering in order to preserve the issue for appeal. (Doc. # 387 at 1). Evans notes that he "understands the Court's position and reasoning" but still believes he "should not [be] held to an enhancement" for witness tampering. *Id.* A mere

disagreement with the Magistrate Judge's conclusion is not an objection as required by the Federal Rules of Criminal Procedure. *Vanover*, 2017 WL 1356328, at *1 (quoting *VanDiver*, 304 F. Supp. 2d at 938); Fed. R. Crim. P. 59(b)(2). Thus, the Court will **overrule** this objection.

Second, Evans argues that his counsel was ineffective for failing to raise a number of the issues raised in his Motion to Vacate on direct appeal. (Doc. # 387 at 1). Evans specifically asks "the Court to make a determination as to whether or not counsel was ineffective for not raising those claims that were objected to [d]uring [s]entencing as they were objected to [in order] to specifically preserve them for appeal." *Id.* at 1-2. In his Objections, Evans does not make any objection to Judge Wier's conclusions or put forth any argument as to why failure to file these claims on direct appeal amounts to ineffective assistance of counsel. (Doc. # 387 at 1). Rather, he only makes a conclusory statement that "[c]ounsel is ineffective for not filing these claims in my Direct Appeal." *Id.* at 1.

Even if the Court were to construe Evans's statements as an argument, he would be, effectively, introducing a new argument—that his trial counsel was ineffective for failing to raise five additional claims during direct appeal—in his Objections to the R&R. *Id.* Neither Evans's initial Motion to Vacate nor his Memorandum in Support argue that his trial counsel was also ineffective for failing to raise certain issues on direct appeal. *See* (Docs. # 355 and 371).

A district court has the option, but is not required, to look at new arguments or evidence presented for the first time in objections to an R&R. *Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at * 2 (6th Cir. Apr. 20, 2009); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). The district court must exercise its discretion in determining

whether new evidence should be considered, "rather than summarily accepting or denying" the new evidence. *Muhammad*, 2009 WL 8755520, at *2 (quoting *Howell*, 231 F.3d at 621). This is the case because the "magistrate judge system was designed to alleviate the workload of district courts . . . [and] [t]o require a district court to consider evidence not previously presented to the magistrate would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Howell*, 231 F.3d at 622 (citations omitted). "Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988). The reasoning behind *Howell* and *Muhammad* suggest that the district court must also use its discretion in deciding whether new arguments should be considered "rather than summarily accepting or denying," when the arguments are first raised in objections to an R&R. *See Muhammad*, 2009 WL 8755520, at * 2; *Howell*, 231 F.3d at 621.

As has been the Court's practice it will not review new arguments raised in Objections, as doing so "defeats the purpose of the R&R process and frustrates judicial efficiency." *United States v. Cantrell*, No. 18-cr-8-DLB-EBA, 2018 WL 5877214, at *3 (E.D. Ky. Nov. 9, 2018). "[I]t [is] fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Paterson-Leitch Co., Inc.*, 840 F.2d at 991. The Court will not condone Evans's improper

approach by considering his pseudo-argument. Thus, Evans's second objection is **overruled**.

Finally, Evans's third "objection" is merely a further explanation of his argument that his first attorney "coerced [him] into withdraw[ing] [his] Motion for Suppression Hearing" and that it "is unfair" that his attorney did not file a motion to suppress. *Id.* at 2-3. Defendant Evans does not appear to state a "specific objection" to the Judge Wier's findings, and thus his explanation does not meet the requirements of a valid objection. Fed. R. Crim. P. 59(b)(2). Even construing the explanation as an objection to Judge Wier's conclusion that Evans was prejudiced by the withdrawal of the Motion to Suppress, the objection merely states a disagreement with Judge Wier's conclusion. As previously discussed, such a statement is not a proper objection. *Vanover*, 2017 WL 1356328, at *1 (quoting *VanDiver*, 304 F. Supp. 2d at 938). Thus, his third "objection" is **overruled**.

The Court having reviewed the R&R and the Objections thereto, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation (Doc. # 384) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2) Defendant Evans's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 355) is **DENIED IN PART**;

    (a) Defendant Evans's Motion to Vacate as to all claims other than the ineffective assistance of counsel claim with regard to plea consultation is **DENIED**;

(b) Ruling on Defendant Evans's Motion to Vacate as to the ineffective assistance of counsel claim with regard to plea consultation is **DEFERRED pending further hearing**;

(3) Defendant Evans's Objections (Doc. # 387) to the Report and Recommendation are **OVERRULED**;

(4) The United States' Objections (Doc. # 390) to the Report and Recommendation are **OVERRULED**;

(5) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(b)(1), this matter **shall be referred** to **Magistrate Judge Edward Atkins** to hold an evidentiary hearing on the limited issue of whether Evans received effective assistance of counsel on the issue of plea consultation;

(6) Magistrate Judge Atkins **shall issue** a Report and Recommendation as to the disposition of this final, unresolved claim in Defendant's Motion to Vacate; and

(7) Defendant Evans **shall be appointed** an attorney to represent him at the above-referenced evidentiary hearing.

This 7th day of March, 2019.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Ashland Criminal\2013\13-22-1 Order re R&R.docx

12