UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:13-CR-22-DLB-1
(Related Civil Action No. 0:17-CV-127-DLB)

UNITED STATES OF AMERICA,                                PLAINTIFF/RESPONDENT,

V.                          **RECOMMENDED DISPOSITION**

BRENT D. EVANS,                                              DEFENDANT/MOVANT.

*** *** *** ***

Brent D. Evans is a federal prisoner that moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 355]. On June 19, 2019, the Court held an evidentiary hearing on the limited issue of whether Evans received effective assistance of counsel on the issue of plea consultation. [*See* R. 405, 410, *see also* R. 394 at 12 ¶ ¶ 5-6]. Following the hearing, the parties submitted supplemental briefs in support of their positions. [R. 411, 412]. This matter being ripe for review, the undersigned recommends that Evans's request for § 2255 relief [R. 355] be denied, and that no Certificate of Appealability be issued.

I.

A jury found Evans guilty of one count of conspiring to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) & 846, four counts of knowingly and intentionally distributing oxycodone in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of knowingly and intentionally possessing oxycodone with distributive intent in violation of § 841(a)(1) and 18 U.S.C. § 2. [*See generally* R. 201; *see also* R. 77, 291]. He received a total prison sentence of 360 months followed by 10 years of supervised release. [R. 289, 291]. On appeal, the Sixth Circuit affirmed. *United States v. Wolford*, 656 F. App'x 59 (6th Cir. 2016).

[R. 351, 352]. Evans then sought a writ of certiorari, which the Supreme Court denied. *Evans v. United States*, 137 S. Ct. 522 (2016).

On November 11, 2017, Evans submitted a timely § 2255 motion, raising several claims of ineffective assistance of counsel against each of his three lawyers, as well as sentencing challenges and alleged trial court errors. [R. 355 at 15-19]. Upon review, then-Magistrate Judge Robert E. Wier recommended that the District Judge deny Evans's habeas petition on all but one claim; namely, whether Evans received effective assistance of counsel with regard to plea consultation. [R. 384 at 36-37]. Both the United States and Evans filed objections, and the United States filed a response to Evans's objections. [R. 390, 391, 392].

On March 7, 2019, the Court overruled the objections and denied all of Evan's § 2255 claims other than the one ineffective assistance of counsel, plea-based consultation claim. [R. 394]. In doing so, the Court found that further development of the record was required for a full-merits evaluation on the remaining claim. [*Id*. at 11-12]. Accordingly, Evans was appointed new counsel, and this matter was referred to the undersigned to conduct a limited evidentiary hearing on the sole issue of whether Evan's three trial attorneys failed to properly consult with him about the substance of any plea offers. [*Id*.; *see also* R. 398].

On June 19, 2019, Andy Markelonis, Michael B. Fox, and William M. Butler, Jr. — Evans's three former attorneys— all testified at an evidentiary hearing. [R. 405, R. 410 at 4-76]. Evans also testified. [R. 410 at 77-110]. Following the hearing, the parties submitted supplemental briefs. [R. 411, 412]. Now, based on the full record and for the reasons explained below, the undersigned recommends dismissal of Evans's last remaining claim.

## II.

Under 28 U.S.C. § 2255, a prisoner in custody under a sentence of a United States Court may petition that court to amend his or her sentence upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court imposing the sentence lacked jurisdiction to do so, that the sentence is excessive, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A defendant that alleges an error occurred on constitutional grounds "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). When alleging a non-constitutional error, a defendant must prove that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 82 S. Ct. 468, 471 (1968)); *see also Watson*, 165 F.3d at 488.

In bringing a § 2255 motion, the movant generally bears the burden. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*). Evans's last remaining claim is a constitutional challenge against three of his former attorneys – two of which provided representation pre-trial, and one of which represented Evans at trial. Thus, Evans must establish that counsels' errors were so fundamentally grave as to render the entire proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006)

## III.

Under the Sixth Amendment, criminal defendants have the right to the assistance of counsel for their defense. U.S. CONST. AMEND. VI. The two-part test announced in *Strickland*

*v. Washington*, 466 U.S. 668, 687 (1984), controls the analysis of any Sixth Amendment ineffective-assistance-of-counsel challenge. To satisfy *Strickland*, the movant must first establish deficient performance. This requires showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id*. at 687-89. In order to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the plea bargaining context, this prejudice-prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Lafler v. Cooper*, 566 U.S. 156, 163 (2012); *Missouri v. Frye*, 566 U.S. 134, 147-48 (2012); *Fitzpatrick v. Robinson*, 723 F.3d 624, 634 (6th Cir. 2013); *Cauthern v. Colson*, 736 F.3d 465, 483 (6th Cir. 2013). A defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, (1985). In other words, a defendant must demonstrate a reasonable probability that "the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163.

### A.

Following a six-day trial and a guilty verdict, Evans received a 360-month sentence. Now, he argues that he would not have gone to trial had his three attorneys properly advised him of entering a guilty plea pursuant to a plea agreement. He states that accepting the Government's plea offer would have drastically reduced his sentence. [R. 371 at 5]. The June 19, 2019 evidentiary hearing focused on the substance of any plea offers, and any consultations regarding the offers and sentencing potential.

The United States offered Evans one[1] plea agreement. [R. 410 at 9-10, 17, 25; *see also* R. 389]. At the hearing, Andy Markelonis first testified that he showed Evans the proposed agreement, but that Evans's position always remained the same: he wanted to go to trial. [R. 410 at 11-12, 21, 23]. "Many times[]," Markelonis stated that he discussed the sentencing disparity with Evans, pursuant to the plea agreement and the sentence he could have received if he proceeded to trial. [*Id*. at 14-15, 23]. Because the evidence against Evans was strong, he counseled Evans that "he was making a terrible mistake by turning down the plea agreement." [*Id*. at 14]. If convicted, Evans was told that he could "certainly" receive a sentence "in excess of 300 months," given his criminal history [*Id*. at 14, 22]. Evidently, to him, it was of no consequence that he could get a three-point reduction for acceptance of responsibility if he entered a guilty plea. [*Id*. at 22]. Any discussion of the plea agreement just felt like a waste of time and caused [Evans] anger, since "he was convinced [that] he would never be convicted at trial." [*Id*. at 23]. Evans's dissatisfaction with counsel's representation only caused him more anger, causing him to want new counsel. [*Id*. at 13, 21-22, 24; *see also* R. 54, 61]. Notwithstanding, Markelonis testified that Evans understood the possible sentencing ramifications that he faced if he chose to plead guilty versus lose at trial. [R. 410 at 23]. Evans was equally made aware that he faced a four-level enhancement due to the leadership role. [*Id*. at 21]. Apparently, none of this gave Evans pause enough to consider accepting the Government's plea offer.

Likewise, Michael Fox testified that Evans's position did not waver throughout his representation: "[h]e never intended to plead guilty." [*Id*. at 31]. The problem was not the

---

[1] While there were two actual offers, the second proposed agreement corrected only typographical errors but was identical to the first in substance.

offer itself. Indeed, Evans's sole interest was presenting his case at trial— even after being warned that the evidence against him was strong. [R. 410 at 31-34, 36-41, 55-56]. His consistent stance did not deter Fox from telling Evans that even "circumstantial evidence can be powerful" and recommending that he "strongly consider" taking the offer [*Id*. at 38, 40, 61]. With each discussion, Evans was armed with the facts. He understood that acceptance of responsibility meant a lighter sentence, and that he faced a higher sentence if he testified and was convicted [*Id*. at 33, 42]. But still, Evans insisted on going to trial because, to him, no offer was better than getting an offer he did not want. [*Id*. at 31-33, 39-40, 64].

Lastly, the United States called William Butler to the stand. Butler testified that he was retained by Evans roughly less than two weeks before trial was set to begin [*Id*. at 71]. In recalling his interactions with the defendant, he stated that Evans was insistent on going to trial from the beginning. He could not remember ever having a discussion regarding a plea negotiation; not because the deadline had passed, but because Evans's goal was always to prove his innocence at trial. [*Id*. at 71-73]. The defendant also testified. On the stand, Evans negated ever consulting with Markelonis or Fox about a potential plea offer. [*Id*. at 98]. He stated that he would have gladly accepted the "141 month offer" by the government had he known that he was facing thirty years if convicted at trial. [*Id*. at 106-07]. Counsel, however, had allegedly failed to communicate any of this to him.

**B.**

Based on the testimony proffered at the evidentiary hearing, the undersigned finds that Evans has failed to present sufficient evidence to undermine confidence in the outcome of the plea-negotiation process. Specifically, Evans has not shown any prejudice stemming from trial counsels' allegedly deficient efforts to brief him on the government's sole plea offer. In fact,

testimony consistently and clearly depicts that Evans's only motivation was going to trial. Markelonis and Fox testified that rejection of the plea agreement meant that Evans could face a thirty-year sentence in prison if found guilty at trial, and that he understood all of this. Neither Evans's testimony nor counsels' testimony suggested that his understanding of the government's sole offer was incorrect or insufficient. Nor does Evans allege any alternative theory as to how trial counsels' alleged failure to fully brief him on the plea offer would have altered the outcome of his case. Indeed, the transcript from the evidentiary hearing clearly reflects that Evans had been advised of the existence of a plea offer, and acknowledgment of the offer and its terms. It also clearly reflects Evans's disdain towards even the possibility of entering into negotiations with the United States.

"[T]here is no *per se* ineffective assistance where the defendant simply rejects the plea on the advice of counsel as a matter of trial tactics." *Bolden v. Chapleau*, 142 F.3d 432, 1998 WL 136537, at *2 (6th Cir. 1998) (unpublished table decision) (emphasis added). Having failed to show that there was a plea offer that Evans would have accepted or fail to explain how counsels' allegedly deficient plea consultations could have prejudiced his case, Evans has not established that trial counsels' efforts to inform him of plea offers— even if deficient in some manner— were prejudicial to his case. Thus, because Evans has not proven that he received ineffective assistance of counsel with respect to trial counsels' efforts to brief him on plea offers, he must be denied § 2255 relief.

## IV.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336; 28 U.S.C. § 2253(c)(2). In cases where a district court has rejected a petitioner's constitutional

claims on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the denial is based on a procedural ruling, the defendant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists would not debate the denial of Evans's § 2255 motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 327. Accordingly, the undersigned also recommends that the District Judge deny a certificate of appealability upon the entry of a final order in this matter.

**V.**

"[W]hen the Government chooses to enter into plea negotiations, the Constitution requires that defendants receive effective assistance in navigating that crucial process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 489 (6th Cir. 2018). In this case, testimony by all three of Evans's attorneys reveal that Evans was adamant about going to trial despite counsels' advice. For these reasons, the undersigned cannot find that Evans received ineffective assistance of counsel with regard to plea consultation. Evans knowingly decided to go to trial, and knowingly decided to forego the government's sole offer. Therefore,

**IT IS RECOMMENDED** that:

(1) Brent D. Evans's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [R. 355] be denied; and

(2) that the District Judge deny a Certificate of Appealability on the remaining issue in conjunction with the Court's entry of final judgment in this matter.

\* \* \* \* \*

Particularized objections to this Recommended Disposition must be filed within fourteen (14) days of the date of service of the same. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Failure to make a timely objection consistent with the statute and rule may result in waiver of further appeal or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Any response to another party's objections must be filed within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED.R.CRIM.P. 59(b)(1).

Signed March 17, 2020.



Signed By:
Edward B. Atkins   *EBA*
United States Magistrate Judge