**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CRIMINAL ACTION NO. 13-22-DLB-1**
**CIVIL ACTION NO. 17-127-DLB-EBA**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

v.        **ORDER ADOPTING REPORT AND RECOMMENDATION**

**BRENT D. EVANS**                                                             **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Defendant Brent Evans' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 355). On March 7, 2019, the Court entered an Order Adopting the Report and Recommendation ("R&R") of then-Magistrate Judge Robert E. Wier, denying Defendant's § 2255 Motion on all but one ground—ineffective assistance of counsel regarding plea consultation—and ordering an evidentiary hearing on that remaining claim. (*See* Doc. # 394). The Court appointed counsel to represent Defendant for purposes of the evidentiary hearing, (Docs. # 394 and 398), which was held before Magistrate Judge B. Atkins on June 19, 2019, (*see* Doc. # 405).[1] Subsequently, Judge Atkins entered an R&R recommending denial of Defendant's remaining ineffective assistance of counsel claim, (Doc. # 413). Defendant submitted Objections to the R&R (Doc. # 414), and the United States filed a Response to those Objections (Doc. # 415). Accordingly, the R&R concerning Defendant's remaining

---

[1] An Order entered on June 13, 2018 rescinded the referral to Judge Wier upon his appointment as a federal district court judge. (Doc. # 388). The case was then referred to Magistrate Judge Atkins. (Doc. # 394).

1

ineffective assistance of counsel claim, (Doc. # 413), is now ripe for the Court's review. For the reasons set forth herein, Defendant's Objections are **overruled** and the R&R is **adopted** as the findings of fact and conclusions of law of the Court.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**[2]

Defendant Evans was indicted on several drug-related charges on September 25, 2013. (Doc. # 1). A superseding indictment was returned on May 8, 2014 charging Evans with one count of conspiracy to distribute oxycodone, four counts of aiding and abetting the distribution of oxycodone, one count of aiding and abetting the knowing and intentional possession of oxycodone with intent to distribute, and one count of witness tampering. (Doc. # 77). These charges arose from Defendant's management of an organization that illegally obtained and sold thousands of oxycodone pills between 2011 and 2013. (Doc. # 384 at 2).

Following a six-day jury trial, Defendant Evans was convicted on all six drug possession and distribution charges, but was acquitted on the witness-tampering count. (*See* Docs. # 200 and 201). On February 25, 2015, Defendant was sentenced to a total of 360 months in prison followed by 10 years of supervised release. (Docs. # 289 and 291). Defendant appealed his conviction to the Sixth Circuit, which affirmed. *See United States v. Wolford*, 656 F. App'x 59 (6th Cir. 2016). Evans then filed a petition for a writ of certiorari to the United States Supreme Court, which was denied. *See Evans v. United States*, 137 S. Ct. 522 (2016).

---

[2]  The facts and procedural history of this case were set forth in detail in the Court's prior Order adopting Judge Wier's R&R, (*see* Doc. # 394 at 2-3), but are restated here for the sake of convenience.

On November 11, 2017, Defendant, proceeding pro se, filed the instant § 2255 Motion based on multiple claims of ineffective assistance of counsel, as well as various sentencing and trial-court errors. (Doc. # 355 at 15-19). Upon review of Judge Wier's R&R, the Court denied all of Defendant's § 2255 claims with the exception of one ineffective assistance of counsel claim. (Doc. # 394). The remaining claim asserts that Defendant's three trial attorneys did not adequately advise him on the United States' plea offer and the disparity in sentences he faced upon accepting the plea deal versus conviction at trial. (Docs. # 355 at 15, 17-18, 384 at 36-37, and 394 at 6).

An evidentiary hearing was held before Judge Atkins on June 19, 2019, during which all three of Defendant's prior attorneys—Andy Markelonis, Michael Fox, and William Butler—testified. (*See* Docs. # 405 and 410). Defendant Evans also testified at the hearing. (*Id.*). Following the evidentiary hearing, Defendant filed an additional supplemental memorandum in support of his § 2255 Motion (Doc. # 411), and the United States filed a further response in opposition (Doc. # 412). On March 17, 2020, Magistrate Judge Atkins entered an R&R recommending denial of Defendant's § 2255 Motion on the remaining ineffective assistance of counsel claim. (Doc. # 413).

In the R&R, Judge Atkins recognized the testimony of Defendant's first trial attorney, Andy Markelonis, who stated that he discussed the plea agreement with Evans, explaining the disparity between the length of sentence he would receive pursuant to the agreement and the sentence he could receive if he proceeded to trial. (Doc. # 413 at 5) (citing Doc. # 410 at 11-12, 14-15, 21-23). Defendant's second attorney, Michael Fox, testified that after warning Evans the circumstantial evidence against him was strong and that he should "strongly consider" taking the plea offer, Defendant nevertheless insisted

3

on going to trial.  (*Id.* at 5-6) (citing Doc. # 410 at 31-34, 36-42, 55-56, 61, 64). Defendant's third attorney, William Butler, retained less than two weeks before the trial date, did not recall advising Defendant regarding a plea agreement, as he understood that Defendant's goal was proving his innocence at trial.  (*Id.* at 6) (citing Doc. # 410 at 71-73, 98, 106-107).

Judge Atkins weighed the testimony of the three attorneys against Defendant's own testimony at the hearing that he was never consulted by any of his attorneys regarding the plea offer or the consequences of declining the offer and going to trial.  (*Id.* at 6-7) (citing Doc. # 410 at 98, 106-107).  Based on a review of the evidence, Judge Atkins concluded that the testimony consistently demonstrated that Evans was intent on going to trial despite being counseled by Markelonis and Fox that if he rejected the plea agreement and was found guilty at trial, he would face a thirty-year prison sentence.  (*Id.* at 7).  The R&R further concluded that "the transcript from the evidentiary hearing clearly reflects that Evans had been advised of the existence of a plea offer, and acknowledgement of the offer and its terms," as well as Defendant's "disdain towards even the possibility of entering into negotiations with the United States."  (*Id.*).

## II.     ANALYSIS

### A.     Standard of Review

Under Federal Rule of Civil Procedure 72(b)(2), a habeas petitioner may object to a magistrate judge's R&R.  If the petitioner objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  The Sixth Circuit has held that "only those specific objections to the magistrate's report made to the district court will

4

be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (alteration omitted) (quoting *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. July 18, 1997) (unpublished opinion)). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). "Moreover, an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.'" *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (internal quotation omitted) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)).

**B.   Defendant's Objections**

Defendant's first objection to the R&R asserts that the Magistrate Judge failed to address the undisputed fact that Defendant's third trial attorney, William Butler, "did not even discuss a plea agreement with Mr. Evans." (Doc. # 414 at 6). Defendant argues that because "he was not advised as to the basic tenant of a plea agreement" he was "seriously prejudiced," "as he went from a possible sentence of 112-141 months to a sentence of 30 years." (*Id.*).

However, Judge Atkins' R&R did acknowledge that attorney William Butler testified that he did not recall discussing a plea agreement with Defendant. (Doc. # 413 at 6). Despite this fact, Judge Atkins concluded that Defendant was not prejudiced because

5

Evans' first two attorneys properly counseled Evans regarding the terms of the plea agreement and the potential sentence he would face upon conviction at trial. (*Id.* at 6-7). For that reason alone, Defendant's objection is not well taken. Yet, even upon de novo review, Defendant has failed to show he was prejudiced by attorney Butler's failure to discuss the plea agreement with him.

Under the two-part *Strickland* test, in order to succeed on an ineffective assistance of counsel claim, a claimant must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms" and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In the context of plea bargaining, in order to show "prejudice" under the second prong, a claimant must show that there is a reasonable probability that "the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). When a defendant asserts that ineffective advice led him to reject a plea offer, as is the case here, the defendant

> [M]ust show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 164.

Only one plea offer was made, and Defendant's first two attorneys—Markelonis and Fox—both discussed the agreement with Defendant and the consequences of going

to trial rather than accepting the deal. (Doc. # 410 at 14, 31, 32). Evans' first attorney, Markelonis, testified that he "tried to impress upon Mr. Evans that [he] thought he was making a terrible mistake by turning down the plea agreement" and explained to him the sentence he would likely receive under the plea agreement as compared to the sentence he would face if convicted at trial under the guidelines– "certainly in excess of 300 months" given his criminal history and the number of pills involved. (Doc. # 410 at 14); (*see also id.* at 19, 21) (testifying that he was sure he calculated the sentencing guidelines with Defendant and discussed the potential enhancement for his leadership role). This was corroborated by Markelonis' CJA voucher which reflected that he met with Defendant for 1.8 hours regarding the plea agreement. (*Id.* at 17-18).

The testimony of Evans' second attorney was slightly less clear. Although attorney Fox could not remember his exact discussions with Defendant regarding the plea offer, he testified that it is his practice to discuss the sentencing range with his clients when reviewing a plea offer. (*Id.* at 52). In addition, Fox recalled discussing with Evans the fact that he could be sentenced above the guidelines range if convicted at trial, (*id.* at 42), and that he believed he explained to Defendant that he was facing a potential sentence of 30 years if convicted, (*id.* at 67-68). Fox "strongly recommend[ed]" that Defendant consider the offer. (*Id.* at 39).

Defendant testified at the evidentiary hearing that his attorneys never went over a plea agreement with him, (*id.* at 81, 98), and did not inform him that if he went to trial, he would be facing a sentence of 300 months or more, (*id.* at 108). Yet, Defendant also testified that attorney Markelonis told him the government had offered him a plea deal

7

involving a sentence of approximately 100 or 141 months and cautioned him that a co-defendant would likely testify against him. (*Id.* at 81, 85).

In sum, attorneys Markelonis and Fox, as well as the Defendant, testified that Defendant was informed of a plea offer of approximately 141 months. In addition, Markelonis and Fox testified that they discussed with Evans the possible sentencing range he faced under the guidelines. In weighing the consistent testimony of Defendant's first two attorneys against Defendant's inconsistent testimony, it is apparent that Defendant has failed to demonstrate deficient performance of his first two attorneys under the first *Strickland* prong. Moreover, Defendant has failed to demonstrate that his third attorney, Butler, was deficient for not counseling him on the consequences of rejecting the plea offer. By the time Defendant retained Butler, less than two weeks before trial, the deadline for motions for rearraignment had passed, and more importantly, the government's only plea offer had been withdrawn. (*Id.* at 53-54, 71-72, 76). There was no plea deal to consider once Evans retained Butler, and Evans never expressed an interest in reopening negotiations; he specifically retained Butler to try his case and directed him to proceed to trial. (*Id.* at 71-72). Under these circumstances, Butler's representation did not fall below an objective standard of reasonableness.

Further, turning to the second *Strickland* prong, Defendant has failed to show that because "he was not advised as to the basic tenant of a plea agreement" he was seriously prejudiced". (Doc. # 414 at 6). Again, in the plea-bargaining context, in order to demonstrate prejudice, the claimant must show that "the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163. Defendant argues that had Butler informed him of the plea offer and the fact that he was facing 300

8

months in prison, he would have accepted the agreement and not gone to trial. This argument is meritless. As Judge Atkins properly concluded, the testimony at the evidentiary hearing conclusively established that Evans' first two attorneys did inform him of the substance of the plea agreement and consequences of proceeding to trial. Yet, armed with that information, the evidence against him, and the encouragement of his attorneys to accept the deal, Defendant insisted on going to trial. (*See* Doc. # 414 at 14, 38-39, 85). With this background in mind, Defendant has provided no reason to believe he would have been inclined to accept a plea deal had Butler also discussed the agreement with him.

In other words, Defendant has failed to demonstrate that had Butler informed him of the terms of the prior offer, there was "a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [and] that the court would have accepted its terms . . . ." *Lafler*, 566 U.S. at 164. By the time Defendant retained Butler, the plea offer *had already been revoked*, the Court's deadline for motions for rearraignment had passed, and Evans insisted on proceeding to trial. (Doc. # 414 at 35, 72). Thus, upon de novo review, Defendant has failed to demonstrate he received ineffective assistance of counsel due to Butler's failure to discuss the prior plea agreement with him.

Evans' second objection sets forth in detail the standard for considering an ineffective assistance of counsel claim in the plea-bargaining stage and asserts that he has demonstrated ineffective assistance and prejudice due to the large disparity between the sentence he was offered in the plea agreement and sentence he faced at trial, as well

as attorney Butler's "uncontroverted" testimony that he never discussed any plea agreement with Evans or the sentence he faced upon conviction at trial. (*Id.* at 7-10). Defendant also argues that his consistent claims of innocence leading up to trial should not have been held against him. (*Id.* at 9).

This second objection does not raise any specific errors in the Magistrate Judge's reasoning, and rather, emphasizes certain evidence that was properly considered by the Magistrate Judge. In any case, the objection lacks merit, because considering the evidence de novo, the Court has concluded above that Defendant has failed to demonstrate either prong of the *Strickland* test. The significant sentencing disparity does not change this conclusion. Although the disparity is relevant to assessing prejudice, *see Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003), the disparity alone does not does not counteract the other evidence presented in this case; namely, the consistent testimony that Defendant was informed by his first two court-appointed attorneys about the substance of the plea agreement and sentencing range under the guidelines, as well as Defendant's persistence on proceeding to trial.

In addition, regarding Defendant's point about his protestations of innocence, Defendant is correct that the Magistrate Judge did take into consideration Defendant's consistent position throughout each of his attorneys' representation that he was not interested in negotiating a plea deal and wanted to "prove his innocence at trial." (*See* Doc. # 413 at 6-7). At the same time, Defendant recognizes in his objections that a petitioner's protestations of innocence are relevant to the prejudice determination in the plea-bargaining context. (*See id.* at 8) (citing *Smith*, 348 F.3d at 552). Thus, Judge Atkins properly considered Defendant's consistent goal of proving his innocence at trial when

assessing the probability that if properly counseled, Defendant would have accepted a plea deal. Accordingly, the Court finds that Evans' objections are meritless and are **overruled**.

### III. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** as follows:

(1)  The Report and Recommendation of the United States Magistrate Judge (Doc. # 413) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2)  Defendant's Objections (Doc. # 414) are hereby **OVERRULED**;

(3)  Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 355) is hereby **DENIED**;

(4)  This matter is hereby **DISMISSED with prejudice** and **STRICKEN** from the Court's active docket;

(5)  For the reasons set forth herein and in the Magistrate Judge's Report and Recommendation (Doc. # 413), the Court determines that there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**; and

(6)  A separate Judgment will be filed concurrently herewith.

This 15th day of October, 2020.



Signed By:
David L. Bunning
United States District Judge

J:\DATA\ORDERS\Ashland Criminal\2013\13-22 Order Adopting R&R 2255.docx